J-S09042-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JESUS GARAY | : | |
| | : | |
| Appellant | : | No. 1682 EDA 2024 |

Appeal from the PCRA Order Entered May 24, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002253-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JESUS GARAY | : | |
| | : | |
| Appellant | : | No. 1683 EDA 2024 |

Appeal from the PCRA Order Entered May 24, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002858-2018

BEFORE:  LAZARUS, P.J., BECK, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED APRIL 22, 2025**

Appellant Jesus Garay appeals from the May 24, 2024, Order denying his PCRA[1] petition addressing two cases, the matter docketed at CP-51-CR-0002253-2015 ("2253-2015"), and the matter docketed at CP-51-CR-

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

0002858-2018 ("2858-2018"), the Order having been entered on both dockets, in the Court of Common Pleas of Philadelphia County. Appellant argues that the PCRA court erred in dismissing said petition, which claimed that violation of probation ("VOP") counsel was ineffective for advising Appellant not to allocute. We affirm.

By way of background, on June 4, 2015, Appellant pled guilty to one count Burglary of an Overnight Accommodation with a Person Present, for which he was sentenced to a maximum of four years of probation. *See* CP-51-CR-0002253-2015, Order – Negotiated Guilty Plea 6/4/2015. On September 19, 2018, while still under supervision, Appellant entered a subsequent negotiated guilty plea on one count Possession with Intent to Manufacture or Deliver a Controlled Substance ("PWID"); on that offense he was sentenced to a maximum of four years of probation. *See* CP-51-CR-0002858-2018, Order – Violation of Probation, 9/19/18. This conviction was found to be a violation of the terms of his aforementioned burglary probation; as a result, Appellant was sentenced to an additional three years' probation for the burglary conviction to run concurrent with his PWID sentence. *Id*.

On August 19, 2022, in the case docketed at CP-51-CR-0005813-2021 ("5813-2021"), Appellant entered a subsequent negotiated guilty plea, on this occasion admitting to a violation of the Uniforms Firearm Act ("VUFA"). A violation of probation hearing concerning both probationary sentences Appellant was then serving was held on November 18, 2022. Appellant was

found to have been in violation of both probation sentences. The lower court described this most recent violation as arising from an argument between Appellant and his girlfriend, and Appellant's having "decided to have a gun, argue, and shoot that firearm inside [his] home." *See* N.T. 11/18/22 at 7-8. The court also specifically admonished Appellant for his use of a firearm: "[t]here is a gun violence epidemic in this city. And this is beyond what's acceptable to this court." *Id*.

In his defense of Appellant, VOP counsel began by noting Appellant's acceptance of responsibility by way of a guilty plea, "[Appellant] pled guilty to the crimes [which] created the direct violation, Your Honor. And he has accepted his responsibility in that regard." *Id*. at 5. Counsel also highlighted his client's youth, that he was motivated to rehabilitate, and that he had made substantial progress towards rehabilitation with the court's help. *Id*. "Your Honor [] has taught him that his lifestyle must change. His goals [*sic*] must be one that comports with society, not rather comporting with the – to use the vernacular, the streets." *Id*. at 6. Counsel pled for his client to be afforded an additional "opportunity to ultimately demonstrate to this Court that he will do what he is supposed to do," and finished by again highlighting his client's acceptance of responsibility for his actions. *Id*. When afforded an opportunity to allocute, Appellant declined, which in the instant appeal he contends was at the advice of VOP counsel. *Id*. at 8. The exchange unfolded as follows:

> The Court: Sir, you have what's called the right of allocution. Is there anything you'd like to add today?"

> [Appellant]: No, Your Honor.
> The Court: Fair Enough.

*Id*.

As Appellant was found to have violated the terms of his probation, the lower court sentenced Appellant on the burglary count, relative to 2253-2015, to ten (10) to twenty (20) years' incarceration, and on the PWID count, relative to 2858-2018, to two and a half (2 ½) to five (5) years' incarceration, to run concurrent to the burglary sentence and any other sentence Appellant may have been serving. *Id*. Immediately following imposition of sentence, Appellant apologized to the court for his actions, "I'm so sorry. Like I'm so sorry, Your Honor." *Id*. In response, the court replied "[g]ood luck to you. [. . .] When you get out, stay away from guns." *Id*. Following the hearing, VOP counsel timely filed a Motion to Reconsider Appellant's sentence, on solely case 2253-2015, repeatedly urging the lower court to take into consideration Appellant's acceptance of responsibility and remorse for his actions. *See* CP-51-CR-0002253-2015, Motion for Reconsideration 11/22/2022 ("The defendant plead guilty to the criminal charges[;] the Petitioner has accepted his responsibility and acknowledges his wrongdoing by pleading guilty[;] the Defendant also plead guilty to the direct violation of Your Honor's probation violation and accepted full responsibility[;] the Defendant is remorseful for the criminal acts [] to which he admitted."). Appellant's motion was subsequently denied.

Appellant then, on November 22, 2022, appealed to this Court, again challenging only the discretionary aspects of the sentence imposed relative to the burglary charge, case 2253-2015; he did not appeal the sentence imposed relative to the PWID charge, case 2858-2018. On August 1, 2023, this Court affirmed the lower court's sentence. *See Commonwealth v. Garay*, 304 A.3d 719 (Pa. Super. 2023).

On August 14, 2023, Appellant filed a single *pro se* PCRA petition listing the docket numbers for both the burglary and PWID cases. Counsel was appointed, and an amended petition, also listing both docket numbers, was filed claiming ineffective assistance of counsel concerning the representation of VOP counsel at the November 22, 2022, hearing. On March 20, 2024, the Commonwealth filed a motion to dismiss said Petition. On March 22, 2024, the PCRA court filed a Dismissal Notice pursuant to Pa.R.Crim.P. 907. Appellant did not respond, and the lower court did not hold an evidentiary hearing. Appellant's petition was formally dismissed in both cases on May 24, 2024. Appellant filed separate notices of appeal on both dockets, and on August 11, 2024, filed an Application for Consolidation in each case noting the shared PCRA petition relative to both dockets, that both dockets were litigated together, that both were denied simultaneously, and that both address the same issue. Said motion was granted on August 27, 2024.

Appellant sets forth the following sole issue in his Statement of the Questions Involved:

Did the PCRA Court err by dismissing appellant's PCRA petition without a hearing, where VOP counsel was ineffective for ill-advising appellant not to allocute and express his remorse prior to imposition of the new sentence, which drew the ire of the Court, leading to a substantially greater sentence?

**Brief of Appellant** at 6.

In addressing claims for ineffective assistance of counsel, this Court applies certain well-established principles of law:

> As originally established by the United States Supreme Court in **Strickland v. Washington**, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674, [ ] (1984), and adopted by Pennsylvania appellate courts, counsel is presumed to have provided effective representation unless a PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome at trial if not for counsel's error.

**Commonwealth v. Wantz**, 84 A.3d 324, 331 (Pa. Super. 2014).

Appellant bears the burden of proving each prong by a preponderance of the evidence. **Commonwealth v. Sandusky**, 203 A.3d 1033, 1043 (Pa. Super. 2019). "A failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." **Commonwealth v. Daniels**, 963 A.2d 409, 419 (Pa. 2009). To establish prejudice, "the petitioner must show that there is a reasonable probability that the outcome of the [underlying] proceeding would have been different but for counsel's deficient performance." **Commonwealth v. Blakeney**, 108 A.3d 739, 750 (Pa. 2014).

Here, we find that Appellant has failed to satisfy the third prong by establishing that his VOP counsel's advice prejudiced him. Appellant's claim of

ineffective assistance of counsel is predicated on his averment that VOP counsel advised him not to allocute. Appellant contends that, but for this advice "[he] would have expressed remorse and contrition during an allocution, and there is a reasonable probability that the sentence would have been much less severe." **Brief of Appellant** at 23. Appellant's brief lists a number of facts of record which he claims "show that the VOP court would have entered a much lighter sentence had the appellant allocuted," but each is taken directly from the PSI, which was made available to and considered by the lower court. *See* N.T. 11/18/22 ("I ordered a PSI to see if there was any possible redeeming situation here in which the Court could give you a break. There is not."). Appellant concludes from this statement that "plainly, the lower court states it was looking for any legitimate reason—such as contrite allocution—where it could cut the appellant a break." **Brief of Appellant** at 24.

We do not agree with Appellant's reading into the court's statement that allocution was the key to the court's mercy. As noted by Appellant in his own brief, the "long suffering" lower court simply "had had enough" with Appellant. **Brief of Appellant** at 19. Appellant had been before the lower court multiple times, and, as the lower court made clear, Appellant had disregarded the court's past leniency; "[y]ou were given a break on the burglary matter, and yet you decided to have a gun, argue, and shoot that firearm inside your home. Unbelievable." N.T. 11/18/22 at 8. We do not see here any evidence that the court just "fell short of pleading for allocation." **Brief of Appellant**

at 22. Nor, in fact, did the lower court itself. Rather, the court stated "It is clear from the record that this Court sentenced Appellant based solely on his actions, not because of his decision not to allocute. [. . .] At no point in its reasoning did this Court mention Appellant's apparent remorse or lack thereof." Trial Court Opinion filed 8/9/24 at 6.

The lack of impact made by Appellant's decision not to allocute is further clarified by Appellant's concession in his brief that he, in fact, did apologize to the lower court despite counsel's advice. "[Appellant] was clearly remorseful for his direct violation, as made clear by the record when he cried, 'I'm so sorry. Like I'm so sorry, Your Honor.'" **Brief of Appellant** at 22 *citing* N.T. 11/18/22 at 9. While Appellant laments that the timing of this apology came after the imposition of sentence, VOP counsel did timely file a Motion for Reconsideration relative to the longer of the two concurrent sentences – the burglary. As noted above, VOP counsel's motion repeatedly and emphatically expressed Appellant's acceptance of responsibility and remorse for his actions. Thus, through VOP counsel's actions, the lower court was afforded the opportunity to consider Appellant's post-sentence apology. The Court was unmoved thereby, and did not grant Appellant's motion. It is therefore evident that Appellant's decision not to apologize in allocution did not worsen his sentence.

As Appellant has failed to show by a preponderance of the evidence that he was prejudiced by VOP counsel's advice, and failure to satisfy any of the

prongs of the ineffectiveness test is fatal to his claim, we decline to resolve the remaining two prongs. ***Daniels***, ***supra***.

For the foregoing reasons, we conclude that the PCRA court did not err in dismissing Appellant's petition, as Appellant was not prejudiced by VOP counsel's advising him not to allocute. Accordingly, we affirm.

Order Affirmed.


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 4/22/2025

J-S09042-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JESUS GARAY | : | |
| | : | |
| Appellant | : | No. 1682 EDA 2024 |

Appeal from the PCRA Order Entered May 24, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002253-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JESUS GARAY | : | |
| | : | |
| Appellant | : | No. 1683 EDA 2024 |

Appeal from the PCRA Order Entered May 24, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002858-2018

BEFORE: LAZARUS, P.J., BECK, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED APRIL 22, 2025**

Appellant Jesus Garay appeals from the May 24, 2024, Order denying his PCRA[1] petition addressing two cases, the matter docketed at CP-51-CR-0002253-2015 ("2253-2015"), and the matter docketed at CP-51-CR-

---

[*] Former Justice specially assigned to the Superior Court.

[1] Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

0002858-2018 ("2858-2018"), the Order having been entered on both dockets, in the Court of Common Pleas of Philadelphia County. Appellant argues that the PCRA court erred in dismissing said petition, which claimed that violation of probation ("VOP") counsel was ineffective for advising Appellant not to allocute. We affirm.

By way of background, on June 4, 2015, Appellant pled guilty to one count Burglary of an Overnight Accommodation with a Person Present, for which he was sentenced to a maximum of four years of probation. ***See*** CP-51-CR-0002253-2015, Order – Negotiated Guilty Plea 6/4/2015. On September 19, 2018, while still under supervision, Appellant entered a subsequent negotiated guilty plea on one count Possession with Intent to Manufacture or Deliver a Controlled Substance ("PWID"); on that offense he was sentenced to a maximum of four years of probation. ***See*** CP-51-CR-0002858-2018, Order – Violation of Probation, 9/19/18. This conviction was found to be a violation of the terms of his aforementioned burglary probation; as a result, Appellant was sentenced to an additional three years' probation for the burglary conviction to run concurrent with his PWID sentence. ***Id***.

On August 19, 2022, in the case docketed at CP-51-CR-0005813-2021 ("5813-2021"), Appellant entered a subsequent negotiated guilty plea, on this occasion admitting to a violation of the Uniforms Firearm Act ("VUFA"). A violation of probation hearing concerning both probationary sentences Appellant was then serving was held on November 18, 2022. Appellant was

found to have been in violation of both probation sentences. The lower court described this most recent violation as arising from an argument between Appellant and his girlfriend, and Appellant's having "decided to have a gun, argue, and shoot that firearm inside [his] home." *See* N.T. 11/18/22 at 7-8. The court also specifically admonished Appellant for his use of a firearm: "[t]here is a gun violence epidemic in this city. And this is beyond what's acceptable to this court." *Id*.

In his defense of Appellant, VOP counsel began by noting Appellant's acceptance of responsibility by way of a guilty plea, "[Appellant] pled guilty to the crimes [which] created the direct violation, Your Honor. And he has accepted his responsibility in that regard." *Id*. at 5. Counsel also highlighted his client's youth, that he was motivated to rehabilitate, and that he had made substantial progress towards rehabilitation with the court's help. *Id*. "Your Honor [] has taught him that his lifestyle must change. His goals [*sic*] must be one that comports with society, not rather comporting with the – to use the vernacular, the streets." *Id*. at 6. Counsel pled for his client to be afforded an additional "opportunity to ultimately demonstrate to this Court that he will do what he is supposed to do," and finished by again highlighting his client's acceptance of responsibility for his actions. *Id*. When afforded an opportunity to allocute, Appellant declined, which in the instant appeal he contends was at the advice of VOP counsel. *Id*. at 8. The exchange unfolded as follows:

> The Court: Sir, you have what's called the right of allocution. Is there anything you'd like to add today?"

- 3 -

[Appellant]: No, Your Honor.
The Court: Fair Enough.

*Id*.

As Appellant was found to have violated the terms of his probation, the lower court sentenced Appellant on the burglary count, relative to 2253-2015, to ten (10) to twenty (20) years' incarceration, and on the PWID count, relative to 2858-2018, to two and a half (2 ½) to five (5) years' incarceration, to run concurrent to the burglary sentence and any other sentence Appellant may have been serving. *Id*. Immediately following imposition of sentence, Appellant apologized to the court for his actions, "I'm so sorry. Like I'm so sorry, Your Honor." *Id*. In response, the court replied "[g]ood luck to you. [. . .] When you get out, stay away from guns." *Id*. Following the hearing, VOP counsel timely filed a Motion to Reconsider Appellant's sentence, on solely case 2253-2015, repeatedly urging the lower court to take into consideration Appellant's acceptance of responsibility and remorse for his actions. *See* CP-51-CR-0002253-2015, Motion for Reconsideration 11/22/2022 ("The defendant plead guilty to the criminal charges[;] the Petitioner has accepted his responsibility and acknowledges his wrongdoing by pleading guilty[;] the Defendant also plead guilty to the direct violation of Your Honor's probation violation and accepted full responsibility[;] the Defendant is remorseful for the criminal acts [] to which he admitted."). Appellant's motion was subsequently denied.

Appellant then, on November 22, 2022, appealed to this Court, again challenging only the discretionary aspects of the sentence imposed relative to the burglary charge, case 2253-2015; he did not appeal the sentence imposed relative to the PWID charge, case 2858-2018. On August 1, 2023, this Court affirmed the lower court's sentence. *See Commonwealth v. Garay*, 304 A.3d 719 (Pa. Super. 2023).

On August 14, 2023, Appellant filed a single *pro se* PCRA petition listing the docket numbers for both the burglary and PWID cases. Counsel was appointed, and an amended petition, also listing both docket numbers, was filed claiming ineffective assistance of counsel concerning the representation of VOP counsel at the November 22, 2022, hearing. On March 20, 2024, the Commonwealth filed a motion to dismiss said Petition. On March 22, 2024, the PCRA court filed a Dismissal Notice pursuant to Pa.R.Crim.P. 907. Appellant did not respond, and the lower court did not hold an evidentiary hearing. Appellant's petition was formally dismissed in both cases on May 24, 2024. Appellant filed separate notices of appeal on both dockets, and on August 11, 2024, filed an Application for Consolidation in each case noting the shared PCRA petition relative to both dockets, that both dockets were litigated together, that both were denied simultaneously, and that both address the same issue. Said motion was granted on August 27, 2024.

Appellant sets forth the following sole issue in his Statement of the Questions Involved:

Did the PCRA Court err by dismissing appellant's PCRA petition without a hearing, where VOP counsel was ineffective for ill-advising appellant not to allocute and express his remorse prior to imposition of the new sentence, which drew the ire of the Court, leading to a substantially greater sentence?

**Brief of Appellant** at 6.

In addressing claims for ineffective assistance of counsel, this Court applies certain well-established principles of law:

> As originally established by the United States Supreme Court in **Strickland v. Washington**, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674, [ ] (1984), and adopted by Pennsylvania appellate courts, counsel is presumed to have provided effective representation unless a PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome at trial if not for counsel's error.

**Commonwealth v. Wantz**, 84 A.3d 324, 331 (Pa. Super. 2014).

Appellant bears the burden of proving each prong by a preponderance of the evidence. **Commonwealth v. Sandusky**, 203 A.3d 1033, 1043 (Pa. Super. 2019). "A failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." **Commonwealth v. Daniels**, 963 A.2d 409, 419 (Pa. 2009). To establish prejudice, "the petitioner must show that there is a reasonable probability that the outcome of the [underlying] proceeding would have been different but for counsel's deficient performance." **Commonwealth v. Blakeney**, 108 A.3d 739, 750 (Pa. 2014).

Here, we find that Appellant has failed to satisfy the third prong by establishing that his VOP counsel's advice prejudiced him. Appellant's claim of

ineffective assistance of counsel is predicated on his averment that VOP counsel advised him not to allocute. Appellant contends that, but for this advice "[he] would have expressed remorse and contrition during an allocution, and there is a reasonable probability that the sentence would have been much less severe." **Brief of Appellant** at 23. Appellant's brief lists a number of facts of record which he claims "show that the VOP court would have entered a much lighter sentence had the appellant allocuted," but each is taken directly from the PSI, which was made available to and considered by the lower court. *See* N.T. 11/18/22 ("I ordered a PSI to see if there was any possible redeeming situation here in which the Court could give you a break. There is not."). Appellant concludes from this statement that "plainly, the lower court states it was looking for any legitimate reason—such as contrite allocution—where it could cut the appellant a break." **Brief of Appellant** at 24.

We do not agree with Appellant's reading into the court's statement that allocution was the key to the court's mercy. As noted by Appellant in his own brief, the "long suffering" lower court simply "had had enough" with Appellant. **Brief of Appellant** at 19. Appellant had been before the lower court multiple times, and, as the lower court made clear, Appellant had disregarded the court's past leniency; "[y]ou were given a break on the burglary matter, and yet you decided to have a gun, argue, and shoot that firearm inside your home. Unbelievable." N.T. 11/18/22 at 8. We do not see here any evidence that the court just "fell short of pleading for allocution." **Brief of Appellant**

at 22. Nor, in fact, did the lower court itself. Rather, the court stated "It is clear from the record that this Court sentenced Appellant based solely on his actions, not because of his decision not to allocute. [. . .] At no point in its reasoning did this Court mention Appellant's apparent remorse or lack thereof." Trial Court Opinion filed 8/9/24 at 6.

The lack of impact made by Appellant's decision not to allocute is further clarified by Appellant's concession in his brief that he, in fact, did apologize to the lower court despite counsel's advice. "[Appellant] was clearly remorseful for his direct violation, as made clear by the record when he cried, 'I'm so sorry. Like I'm so sorry, Your Honor.'" **Brief of Appellant** at 22 *citing* N.T. 11/18/22 at 9. While Appellant laments that the timing of this apology came after the imposition of sentence, VOP counsel did timely file a Motion for Reconsideration relative to the longer of the two concurrent sentences – the burglary. As noted above, VOP counsel's motion repeatedly and emphatically expressed Appellant's acceptance of responsibility and remorse for his actions. Thus, through VOP counsel's actions, the lower court was afforded the opportunity to consider Appellant's post-sentence apology. The Court was unmoved thereby, and did not grant Appellant's motion. It is therefore evident that Appellant's decision not to apologize in allocution did not worsen his sentence.

As Appellant has failed to show by a preponderance of the evidence that he was prejudiced by VOP counsel's advice, and failure to satisfy any of the

prongs of the ineffectiveness test is fatal to his claim, we decline to resolve the remaining two prongs. ***Daniels***, ***supra***.

For the foregoing reasons, we conclude that the PCRA court did not err in dismissing Appellant's petition, as Appellant was not prejudiced by VOP counsel's advising him not to allocute. Accordingly, we affirm.

Order Affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/22/2025

J-S09042-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :--- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JESUS GARAY | : | |
| | : | |
| Appellant | : | No. 1682 EDA 2024 |

Appeal from the PCRA Order Entered May 24, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002253-2015

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :--- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JESUS GARAY | : | |
| | : | |
| Appellant | : | No. 1683 EDA 2024 |

Appeal from the PCRA Order Entered May 24, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002858-2018

BEFORE:   LAZARUS, P.J., BECK, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED APRIL 22, 2025**

Appellant Jesus Garay appeals from the May 24, 2024, Order denying his PCRA[1] petition addressing two cases, the matter docketed at CP-51-CR-0002253-2015 ("2253-2015"), and the matter docketed at CP-51-CR-

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

0002858-2018 ("2858-2018"), the Order having been entered on both dockets, in the Court of Common Pleas of Philadelphia County. Appellant argues that the PCRA court erred in dismissing said petition, which claimed that violation of probation ("VOP") counsel was ineffective for advising Appellant not to allocute. We affirm.

By way of background, on June 4, 2015, Appellant pled guilty to one count Burglary of an Overnight Accommodation with a Person Present, for which he was sentenced to a maximum of four years of probation. **See** CP-51-CR-0002253-2015, Order – Negotiated Guilty Plea 6/4/2015. On September 19, 2018, while still under supervision, Appellant entered a subsequent negotiated guilty plea on one count Possession with Intent to Manufacture or Deliver a Controlled Substance ("PWID"); on that offense he was sentenced to a maximum of four years of probation. **See** CP-51-CR-0002858-2018, Order – Violation of Probation, 9/19/18. This conviction was found to be a violation of the terms of his aforementioned burglary probation; as a result, Appellant was sentenced to an additional three years' probation for the burglary conviction to run concurrent with his PWID sentence. **Id**.

On August 19, 2022, in the case docketed at CP-51-CR-0005813-2021 ("5813-2021"), Appellant entered a subsequent negotiated guilty plea, on this occasion admitting to a violation of the Uniforms Firearm Act ("VUFA"). A violation of probation hearing concerning both probationary sentences Appellant was then serving was held on November 18, 2022. Appellant was

found to have been in violation of both probation sentences. The lower court described this most recent violation as arising from an argument between Appellant and his girlfriend, and Appellant's having "decided to have a gun, argue, and shoot that firearm inside [his] home." *See* N.T. 11/18/22 at 7-8. The court also specifically admonished Appellant for his use of a firearm: "[t]here is a gun violence epidemic in this city. And this is beyond what's acceptable to this court." *Id*.

In his defense of Appellant, VOP counsel began by noting Appellant's acceptance of responsibility by way of a guilty plea, "[Appellant] pled guilty to the crimes [which] created the direct violation, Your Honor. And he has accepted his responsibility in that regard." *Id*. at 5. Counsel also highlighted his client's youth, that he was motivated to rehabilitate, and that he had made substantial progress towards rehabilitation with the court's help. *Id*. "Your Honor [] has taught him that his lifestyle must change. His goals [*sic*] must be one that comports with society, not rather comporting with the – to use the vernacular, the streets." *Id*. at 6. Counsel pled for his client to be afforded an additional "opportunity to ultimately demonstrate to this Court that he will do what he is supposed to do," and finished by again highlighting his client's acceptance of responsibility for his actions. *Id*. When afforded an opportunity to allocute, Appellant declined, which in the instant appeal he contends was at the advice of VOP counsel. *Id*. at 8. The exchange unfolded as follows:

> The Court: Sir, you have what's called the right of allocution. Is there anything you'd like to add today?"

[Appellant]: No, Your Honor.
The Court:  Fair Enough.

*Id*.

As Appellant was found to have violated the terms of his probation, the lower court sentenced Appellant on the burglary count, relative to 2253-2015, to ten (10) to twenty (20) years' incarceration, and on the PWID count, relative to 2858-2018, to two and a half (2 ½) to five (5) years' incarceration, to run concurrent to the burglary sentence and any other sentence Appellant may have been serving. *Id*. Immediately following imposition of sentence, Appellant apologized to the court for his actions, "I'm so sorry. Like I'm so sorry, Your Honor." *Id*.  In response, the court replied "[g]ood luck to you. [. . .] When you get out, stay away from guns." *Id*.  Following the hearing, VOP counsel timely filed a Motion to Reconsider Appellant's sentence, on solely case 2253-2015, repeatedly urging the lower court to take into consideration Appellant's acceptance of responsibility and remorse for his actions. *See* CP-51-CR-0002253-2015, Motion for Reconsideration 11/22/2022 ("The defendant plead guilty to the criminal charges[;] the Petitioner has accepted his responsibility and acknowledges his wrongdoing by pleading guilty[;] the Defendant also plead guilty to the direct violation of Your Honor's probation violation and accepted full responsibility[;] the Defendant is remorseful for the criminal acts [] to which he admitted."). Appellant's motion was subsequently denied.

Appellant then, on November 22, 2022, appealed to this Court, again challenging only the discretionary aspects of the sentence imposed relative to the burglary charge, case 2253-2015; he did not appeal the sentence imposed relative to the PWID charge, case 2858-2018. On August 1, 2023, this Court affirmed the lower court's sentence. **See Commonwealth v. Garay**, 304 A.3d 719 (Pa. Super. 2023).

On August 14, 2023, Appellant filed a single *pro se* PCRA petition listing the docket numbers for both the burglary and PWID cases. Counsel was appointed, and an amended petition, also listing both docket numbers, was filed claiming ineffective assistance of counsel concerning the representation of VOP counsel at the November 22, 2022, hearing. On March 20, 2024, the Commonwealth filed a motion to dismiss said Petition. On March 22, 2024, the PCRA court filed a Dismissal Notice pursuant to Pa.R.Crim.P. 907. Appellant did not respond, and the lower court did not hold an evidentiary hearing. Appellant's petition was formally dismissed in both cases on May 24, 2024. Appellant filed separate notices of appeal on both dockets, and on August 11, 2024, filed an Application for Consolidation in each case noting the shared PCRA petition relative to both dockets, that both dockets were litigated together, that both were denied simultaneously, and that both address the same issue. Said motion was granted on August 27, 2024.

Appellant sets forth the following sole issue in his Statement of the Questions Involved:

Did the PCRA Court err by dismissing appellant's PCRA petition without a hearing, where VOP counsel was ineffective for ill-advising appellant not to allocute and express his remorse prior to imposition of the new sentence, which drew the ire of the Court, leading to a substantially greater sentence?

**Brief of Appellant** at 6.

In addressing claims for ineffective assistance of counsel, this Court applies certain well-established principles of law:

> As originally established by the United States Supreme Court in **Strickland v. Washington**, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674, [ ] (1984), and adopted by Pennsylvania appellate courts, counsel is presumed to have provided effective representation unless a PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome at trial if not for counsel's error.

**Commonwealth v. Wantz**, 84 A.3d 324, 331 (Pa. Super. 2014).

Appellant bears the burden of proving each prong by a preponderance of the evidence. **Commonwealth v. Sandusky**, 203 A.3d 1033, 1043 (Pa. Super. 2019). "A failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." **Commonwealth v. Daniels**, 963 A.2d 409, 419 (Pa. 2009). To establish prejudice, "the petitioner must show that there is a reasonable probability that the outcome of the [underlying] proceeding would have been different but for counsel's deficient performance." **Commonwealth v. Blakeney**, 108 A.3d 739, 750 (Pa. 2014).

Here, we find that Appellant has failed to satisfy the third prong by establishing that his VOP counsel's advice prejudiced him. Appellant's claim of

ineffective assistance of counsel is predicated on his averment that VOP counsel advised him not to allocute. Appellant contends that, but for this advice "[he] would have expressed remorse and contrition during an allocution, and there is a reasonable probability that the sentence would have been much less severe." **Brief of Appellant** at 23. Appellant's brief lists a number of facts of record which he claims "show that the VOP court would have entered a much lighter sentence had the appellant allocuted," but each is taken directly from the PSI, which was made available to and considered by the lower court. *See* N.T. 11/18/22 ("I ordered a PSI to see if there was any possible redeeming situation here in which the Court could give you a break. There is not."). Appellant concludes from this statement that "plainly, the lower court states it was looking for any legitimate reason—such as contrite allocution—where it could cut the appellant a break." **Brief of Appellant** at 24.

We do not agree with Appellant's reading into the court's statement that allocution was the key to the court's mercy. As noted by Appellant in his own brief, the "long suffering" lower court simply "had had enough" with Appellant. **Brief of Appellant** at 19. Appellant had been before the lower court multiple times, and, as the lower court made clear, Appellant had disregarded the court's past leniency; "[y]ou were given a break on the burglary matter, and yet you decided to have a gun, argue, and shoot that firearm inside your home. Unbelievable." N.T. 11/18/22 at 8. We do not see here any evidence that the court just "fell short of pleading for allocution." **Brief of Appellant**

at 22. Nor, in fact, did the lower court itself. Rather, the court stated "It is clear from the record that this Court sentenced Appellant based solely on his actions, not because of his decision not to allocute. [. . .] At no point in its reasoning did this Court mention Appellant's apparent remorse or lack thereof." Trial Court Opinion filed 8/9/24 at 6.

The lack of impact made by Appellant's decision not to allocute is further clarified by Appellant's concession in his brief that he, in fact, did apologize to the lower court despite counsel's advice. "[Appellant] was clearly remorseful for his direct violation, as made clear by the record when he cried, 'I'm so sorry. Like I'm so sorry, Your Honor.'" **Brief of Appellant** at 22 *citing* N.T. 11/18/22 at 9. While Appellant laments that the timing of this apology came after the imposition of sentence, VOP counsel did timely file a Motion for Reconsideration relative to the longer of the two concurrent sentences – the burglary. As noted above, VOP counsel's motion repeatedly and emphatically expressed Appellant's acceptance of responsibility and remorse for his actions. Thus, through VOP counsel's actions, the lower court was afforded the opportunity to consider Appellant's post-sentence apology. The Court was unmoved thereby, and did not grant Appellant's motion. It is therefore evident that Appellant's decision not to apologize in allocution did not worsen his sentence.

As Appellant has failed to show by a preponderance of the evidence that he was prejudiced by VOP counsel's advice, and failure to satisfy any of the

prongs of the ineffectiveness test is fatal to his claim, we decline to resolve the remaining two prongs. *Daniels*, *supra*.

For the foregoing reasons, we conclude that the PCRA court did not err in dismissing Appellant's petition, as Appellant was not prejudiced by VOP counsel's advising him not to allocute. Accordingly, we affirm.

Order Affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/22/2025